**SEALED DOCUM**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

**IN THE MATTER OF THE APPLICATION
OF THE UNITED STATES OF AMERICA
FOR AN ORDER AUTHORIZING THE
INSTALLATION AND USE OF A PEN
REGISTER AND/OR TRAP AND TRACE
AND FOR PRODUCTION OF RECORDS
FOR A SIXTY DAY PERIOD (ON DISK)
FOR TELEPHONE NUMBER (213) 465-5869**

*10-mc-29- DL*

## ORDER

This matter has come before the Court pursuant to an Application under Title 18,

United States Code, Sections 2703 (c), 2703 (d), 2705 (b), 3123 (a), 3123 (b) (2), and

3124 (a) by the United States through its attorneys, John P. Kacavas, United States

Attorney, and Jennifer Davis, Assistant U.S. Attorney for the District of New Hampshire,

requesting an Order: (1) authorizing the installation and use of a pen register and/or trap

and trace; (2) the production by Sprint-Nextel, and any other electronic communication

service provider whose services and/or numbers are involved, all providers of electronic

communication service within the meaning of 18 U.S.C. § 2510 (15), to the United States

Attorney for the District of New Hampshire and to the New Hampshire State Police

("NHSP"), the United States Drug Enforcement Administration ("DEA"), and the United

States Immigration and Customs Enforcement ("ICE") certain transactional records

extending sixty (60) days from the date of the Court's Order pertaining to

cellular/wireless telephone number (213) 465-5869 (3) precluding the provider of such

service from disclosing to the subscriber (s) or to any other unauthorized person this

request, any Court Order issued in connection therewith, the fact of disclosure of such

1

records to the requesting governmental entities or the existence of this investigation, pursuant to 18 U.S.C. § 2705 (b); and, (4) sealing this Application and Order (s) hereon.

The Court finds that the applicant has offered specific and articulable facts showing that there are reasonable grounds to believe that the records sought are relevant and material to an ongoing criminal investigation (specifically an investigation being conducted by NHSP, DEA, and ICE, into possible violations of, inter alia, Title 21, United States Code, Sections 841, 846, and 843(b), and that the information likely to be obtained from a pen register and trap and trace device, including the caller identification feature, as well as subscriber and toll information regarding the telephone numbers to be recorded by the pen register and trap and trace devices, is relevant to the ongoing criminal investigation in that it is believed that this information will concern the aforementioned offense.

Additionally, the Court finds that disclosure to any person of this investigation or of this Application and Order entered in connection therewith would jeopardize the investigation.

WHEREFORE, IT IS ORDERED pursuant to Title 18, United States Code, Sections 2703 (d), 2705 (b), 3123 (a), 3123 (b) (2), and 3124 (a) that Sprint-Nextel, and any other contractual roaming carrier shall, forthwith, furnish agents of the NHSP, DEA, and ICE with the following transactional records pertaining to cellular/wireless telephone number (213) 465-5869, for a period extending sixty (60) days from the date of this Order:

        a.      Numbers dialed;

b.    Incoming numbers if identified, without geographic limitations;

c.    Call durations;

d.    Signaling information;

e.    A listing of all control channels and their corresponding cell-sites;

f.    Subscriber, Electronic Serial Number ("ESN"), International Mobile Equipment Identifier ("IMEI"), International Mobile Subscriber Identifier ("IMSI") and billing information for the specified cellular/wireless telephone;

g.    An engineering map, showing all cell-site tower locations, sectors, and orientations; and

h.    Subscriber, Electronic Serial Number ("ESN"), and/or International Mobile Subscriber Identifier (IMSI) as may be applicable, call detail and billing information for any other cellular/wireless telephones on the same account as cellular/wireless telephone number (213) 465-5869 or that may be identified from these records; and

i.    Cell site activation.


IT IS FURTHER ORDERED that should this cellular/wireless Electronic Serial Number ("ESN"), Mobile Identification Number ("MIN")/ IMEI, IMSI or combination be changed by the subscriber during the course of this Order, this Order will apply to any new ESN, MIN/IMEI or IMSI.

IT IS FURTHER ORDERED, pursuant to Section 3123 (b) (2) of Title 18, that Sprint-Nextel, and any other telecommunications carrier and/or provider of wire or electronic communications services, shall furnish the NHSP, DEA, and ICE forthwith all information, facilities, and technical assistance necessary to accomplish the installation of the pen register and/or trap and trace unobtrusively and with a minimum of interference with the services that the person so ordered by the Court accords the party with respect to whom the installation and use is to take place.

IT IS FURTHER ORDERED that the NHSP, DEA, and ICE will reasonably compensate the provider of a wire or electronic communication service, landlord, custodian, or other person who furnishes facilities or technical assistance for such reasonable expenses incurred in providing such facilities and assistance in complying with this Order.

IT IS FURTHER ORDERED that upon request from employees of the NHSP, DEA, and ICE this cellular/wireless telephone shall be activated in the CALEA based solution which allows the NHSP, DEA and ICE to receive "Dialed Digit Extraction" if available.

IT IS FURTHER ORDERED that, pursuant to Title 18, United States Code, Section 2703 (d), Sprint-Nextel, and/or any other telecommunications company shall provide the NHSP, DEA, and ICE with subscriber information, including the names, addresses, credit and billing information of the subscriber (published and non-published) for telephone numbers dialing into and being

4

dialed from cellular/wireless telephone number (213) 465-5869 for a period of sixty (60) days.

IT IS FURTHER ORDERED that this Order and the application shall be sealed until otherwise ordered by the Court and that Sprint-Nextel and its agents and employees, shall not disclose the existence of this Order or the existence of this investigation to the subscriber (s) or to any other person, unless or until otherwise ordered by the Court.

Daniel J. Lynch
United States Magistrate Judge

3 . 5 . 10

Dated

5